UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MARK MARTIN,

    Plaintiff,

vs.                                                                                2:25-cv-00553-DHU-KRS

SOCORRO CONSOLIDATED
SCHOOLS; AUBREY TUCKER; BONNIE
HOKE; and RHIANNON CRESPIN;

    Defendants.

**ORDER DENYING DISCOVERY MOTIONS (DOCS. 20-26) WITHOUT PREJUDICE**

This matter is before the Court sua sponte.

On July 29, 2025, the Court entered an order finding good cause to delay entry of a Rule 16 scheduling order until after the pending motion to dismiss (Doc. 7) is resolved. (Doc. 16).

On June 13, 2025, the Court entered a Notice alerting pro se Plaintiff Mark Martin regarding case management, including the requirement that pro se litigants comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Mexico. (Doc. 6).

On August 11, 2025, pro se Plaintiff Mark Martin filed the following motions: Motion to Preserve Electronically Stored Information (Doc. 20); Motion for Appointment of Court Expert (Doc. 21); Motion for Protective Order Regarding Medical Or Psychological Records (Doc. 22).

On August 14, 2025, pro se Plaintiff Mark Martin filed the following additional motions: Motion for Entry of Federal Rule of Evidence 502(d) Order (Doc. 23); Motion For Expedited Preservation And Limited Discovery (Doc. 24); Motion To Require Early Disclosure Of Insurance Or Indemnity Agreements (Doc. 25); and Motion to Adopt ESI Protocol and Appoint ESI Liaisons (Doc. 26).

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d). This case is not exempted from initial disclosure under Rule 26(a)(1)(B). Nor is early discovery authorized by any rule, stipulation, or court order. Accordingly, no party may seek discovery in this matter until the parties meet and confer pursuant to Rule 26(f).

Plaintiff does not represent that the parties have met and conferred pursuant to Rule 26(f). Pursuant to Federal Rule of Civil Procedure 26(f)(1), parties "must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." FED. R. CIV. P. 26(f)(1). The Court has not yet entered an order setting a Rule 16 scheduling conference in this matter. Nor does it plan to do so at this time. Pursuant to Rule 16(b)(2), "[t]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." FED. R. CIV. P. 16(b)(2). As previously noted, the Court entered an order finding good cause to delay holding a Rule 16 conference and entering a Rule 16 scheduling order until after Defendants' motion to dismiss is resolved. Accordingly, Defendants are not yet obligated to meet and confer with Plaintiff pursuant to the requirements of Rule 26(f)(1). And until the parties meet and confer, discovery may not be initiated. FED. R. CIV. P. 26(d).

The aforementioned motions filed by Plaintiff on August 11 and 14, 2025 all involve discovery matters. Discovery has not yet begun in the case, as discussed above. Accordingly, Plaintiff's discovery motions are premature.

**FOR THE FOREGOING REASONS,** the Court **DENIES WITHOUT PREJUDICE** Docs. 20, 21, 22, 23, 24, 25, and 26. Plaintiff may re-file his discovery motions following the parties' Rule 26(f)(1) conference, which need not take place until the Court enters an order scheduling a Rule 16 conference for purposes of entering a scheduling order pursuant to Rule 16(b)(2).

IT IS SO ORDERED this 18th day of August, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE