**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARK MARTIN

      Plaintiff,

v.                                                                                          2:25-cv-00553-DHU-KRS

SOCORRO CONSOLIDATED SCHOOLS,
AUBREY TUCKER, BONNIE HOKE,
RHIANNON CRESPIN, JOHN DOES 1-5,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendants' Motion to Dismiss. Doc. 7. After reviewing

Plaintiff's Complaint, Doc. 1, and considering the parties' briefs and the relevant and applicable

law, the Court finds the motion is well taken and should be **GRANTED IN PART**.

**I.
BACKGROUND[1]**

This case arises from the termination of Mark Martin, a substitute bus driver formerly

employed by Socorro Consolidated Schools. Plaintiff Mark Martin was the only Black male bus

driver employed by Socorro Consolidated Schools ("the District"). Doc. 1 at ¶ 9. In a *pro se*

Complaint filed on June 12, 2025, Plaintiff alleges that he was terminated in August of 2024

without just cause or due process, based on a false police report alleging he stole cups. *Id.* at ¶¶ 15-

16. He brings claims of retaliation and race discrimination under Title VII, violation of his civil

rights under § 1983, deprivation of due process under the Fourteenth Amendment, defamation,

---

[1] Applying a Rule 12(b)(6) standard and taking all well-pleaded factual allegations as true, the background facts are taken from Plaintiff's Complaint. *See* Doc. 1.

tortious interference with prospective economic advantage, negligent and intentional infliction of emotional distress, and false light invasion of privacy. *Id.* at 3. In their entirety, the factual allegations contained in Plaintiff's Complaint are as follows:

1. Plaintiff was employed by Socorro Consolidated Schools as a substitute bus driver and was the only Black male bus driver in the district.

2. On or about July 31, 2024, Plaintiff observed in Mrs. Greenwood's classroom at Parkview Elementary for one hour as part of the district's required two-hour observation for substitute teacher certification.

3. Plaintiff acted in good faith and with the intention of completing the necessary requirements to support the district as a substitute teacher.

4. That same day, Plaintiff was instructed by Defendant Crespin to cease working and report to the district office on or about August 1, 2024, without explanation or any prior disciplinary action.

5. On or about August 1, 2024, while Plaintiff was driving a school bus, the HR office called him repeatedly. The transportation director answered on Plaintiff's behalf and was told Plaintiff must report again on or about August 5, 2024.

6. Plaintiff complied and reported as instructed on August 5, but after waiting approximately 25 minutes, he was told no one was available to meet with him. He was not paid for this time despite still being employed.

7. On or about August 8, 2024, Plaintiff was terminated without just cause or due process.

8. On or about August 5, 2024, a false incident report was filed with local law enforcement alleging theft. Plaintiff had borrowed cups with the intent to return them, and no charges were pursued.

2

9. The police report misidentified Plaintiff's gender as female. This error was never corrected, despite multiple requests, and caused deep personal and spiritual offense to Plaintiff, who is a devout Christian.

10. Plaintiff's faith is rooted in Biblical values of honesty and integrity, and the misidentification contradicts those deeply held beliefs, resulting in spiritual and emotional trauma.

11. Defendants failed to retract or correct the false report, which continues to affect Plaintiff's employment prospects and personal reputation.

12. Plaintiff was never formally disciplined or prosecuted, further underscoring the retaliatory and defamatory intent of Defendants' actions.

13. The district interfered with Plaintiff's future job opportunities by misleading third-party contractors and institutions.

14. Plaintiff received a Notice of Right to Sue from the EEOC dated on or about April 30, 2025, and files this action accordingly.

*Id.* at ¶¶ 9-22. Plaintiff's Complaint seeks compensatory and punitive damages, reasonable attorney's fees and costs, an order requiring formal retraction of the false police report and a public apology published in a local newspaper at Defendants' expense, reinstatement of Plaintiff's eligibility for substitute teaching, and such other relief as the Court deems just and proper. *Id.* at 3-4.

On July 8, 2025, the Defendants collectively filed a Motion to Dismiss under FED. R. CIV. P. 12(b)(6), arguing that Plaintiff's Complaint fails to state claims against Defendants upon which relief can be granted. Doc. 7. On July 11, 2025, Plaintiff Martin filed a "Notice of Intent to Present Witness Testimony Upon Proceeding to Discovery," which contained documentation of his

opposition to Defendants' Motion. Doc. 10. That same day, Plaintiff filed a Notice of his intention to retain counsel and to pursue his constitutional claims. Doc. 11. Defendants submitted a Reply in support of their motion on July 23, 2025. Doc. 12.

## II.
## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations need not be detailed, but they must be enough to raise a right to relief "above the speculative level[.]" *Twombly*, 550 U.S. at 555. A complaint does not pass 12(b)(6) muster where the well-pleaded facts allow a court to infer only the mere possibility of misconduct. *Iqbal*, 556 U.S. at 679. Conclusory allegations, without supporting facts, are likewise insufficient. *See Twombly*, 550 U.S. at 555 ("A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]") (internal citations and quotations omitted) (cleaned up).

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the same time, the Tenth Circuit has made clear that *pro se* plaintiffs bear the same burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.* It is not the function of the district court to assume the role of advocate for a *pro se* litigant, crafting legal

theories or supplying factual allegations to support their claims. *Id. See also DeMicco v. U.S. Bank Home Mortgage*, 2022 WL 3082966 (D.N.M. Aug. 3, 2022) (Johnson, J.).

**III.**
**DISCUSSION**

**A.  Plaintiff Martin did not consent to grant Defendants' Motion.**

In Defendants' Reply in support of their Motion to Dismiss, the Defendants argue that Plaintiff did not adequately respond to the motion, which should be treated as consent to grant the motion under the District of New Mexico's Local Rule 7.1(b) and 7.3(a). Doc. 12 at 3. Rule 7.1(b) states that the failure to timely respond to a motion constitutes consent to grant the motion, and Rule 7.3(a) requires motions, responses, and replies to cite authority in support of the legal positions advanced. In their Reply, Defendants acknowledge that Plaintiff's Notice of Intent, Doc. 10, is likely an attempt to respond. Doc. 12 at 3. Nevertheless, Defendants assert this "response" is insufficient because Plaintiff cites no authority to establish why his Complaint should survive a Motion to Dismiss. *Id.* Defendants ask the Court to construe this as a failure to respond, constituting consent to grant the motion.

The Court declines to do so. Plaintiff's Notice of Intent and its accompanying documents clearly indicate his opposition to Defendants' motion, even if not formally styled as a Response. *See* Doc. 10 at 2, 4. Specifically, the filing includes a letter to the Clerk of Court characterizing the Notice as his Opposition to Defendants' Motion to dismiss. *Id.* at 2. In addition, Plaintiff includes in the filing email correspondence to defense counsel explicitly stating that he opposes the motion. *Id.* at 4. It is true that Plaintiff's Notice of Intent does not cite legal authority, nor does it substantively respond to the Defendants' motion. However, construing this filing liberally, the Court will consider Plaintiff's Notice of Intent as a Response to Defendants' motion. Plaintiff

5

therefore did not consent to the motion, and the Court must turn to the merits of the Motion to Dismiss.

**B. Plaintiff's Complaint fails to state a claim under Rule 12(b)(6).**

In their Motion to Dismiss, Defendants argue that Plaintiff's Complaint fails because it does not connect his factual narrative to any cause of action or harm. Doc. 7 at 5. As such, the Complaint fails to state with specificity how Plaintiff was harmed and why such harm entitles him to damages. *Id.* The Court agrees that the allegations contained in Plaintiff's Complaint do not sufficiently state a plausible claim for relief.

First and foremost, Plaintiff pleads eight causes of action, including under Title VII, Section 1983, the Fourteenth Amendment, and state tort law. However, the Complaint merely lists the causes of action without connecting them to the facts alleged or to the actions of one or more Defendants. As it stands, neither the Court nor Defendants can ascertain "exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her[.]" *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). A successful complaint must do more than list causes of action or claims for relief—it must explain how the facts alleged give rise to the claims the plaintiff seeks to bring. Plaintiff's Complaint effectively pleads "labels and conclusions" with respect to his causes of action, which the Supreme Court has deemed insufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 545.

The Tenth Circuit has said that "if the court can reasonably read [a *pro se* litigant's] pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. This does not require this Court to craft legal theories on the *pro se* Plaintiff's behalf. But

even if the Court were to set aside Plaintiff's failure to connect his factual allegations to his causes of action, the facts alleged are nevertheless insufficient to state a claim on which the plaintiff could prevail.

For example, Plaintiff brings retaliation and race discrimination claims under Title VII. A plaintiff can prove a Title VII violation either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiff's Complaint does not contain facts showing direct evidence of discrimination. Therefore, to survive a motion to dismiss, he must set forth facts in his Complaint establishing a prima facie case of discrimination, the first of three steps in the *McDonnell Douglas* test. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citation omitted). This requires allegations that (1) Plaintiff is a member of a protected class, (2) he suffered an adverse employment action, (3) he qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class. *Id.* (citing *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998)). While Plaintiff's Complaint alleges that he is Black and that he was terminated, Doc. 1 at ¶¶ 9, 15, he fails to allege that he was qualified for his position and that he was treated less favorably than non-Black employees. This is insufficient to plead a prima facie case of race discrimination.

Similarly, Plaintiff brings a claim for intentional infliction of emotional distress. Under New Mexico law, to establish a claim for intentional infliction of emotional distress, (1) the conduct in question must be extreme and outrageous, (2) the conduct of Defendants must be done intentionally or in reckless disregard of Plaintiff, (3) Plaintiff's mental distress must be extreme and severe, and (4) there must be a causal connection between the Defendants' conduct and the Plaintiff's mental distress. *Trujillo v. Northern Rio Arriba Elec. Co-op, Inc.*, 41 P.3d 333, 342 (N.M. 2001). The factual allegations in Plaintiff's Complaint are insufficient to establish such a

claim. As an initial matter, it is unclear what forms the basis of this claim—Plaintiff's termination, the police report, or both. Regardless, the Complaint contains no facts to suggest that Defendants' termination of Plaintiff *or* filing of the police report was extreme or outrageous—in other words, that it went "beyond all possible bounds of decency" and was "atrocious, and utterly intolerable in a civilized community." *Stieber v. Journal Publ'g Co.*, 901 P.2d 201, 205 (N.M. Ct. App. 1995). With respect to Plaintiff's termination, the Court can infer that Defendants intentionally fired Plaintiff, but the Complaint contains no factual allegations suggesting that Plaintiff experienced extreme distress as a result of his termination. Regarding the police report, Plaintiff does not allege facts indicating that the police report was intentionally fabricated or that there was some error committed in reckless disregard of Plaintiff. Plaintiff does allege that the police report caused "deep personal and spiritual offense to Plaintiff" and resulted in "spiritual and emotional trauma," but the Complaint contains no additional facts about the nature or severity of this distress. This is insufficient to plead a claim for intentional infliction of emotional distress.

The Court offers these two examples to demonstrate the shortcomings of Plaintiff's factual allegations. It is not the Court's job, however, to craft legal theories for the Plaintiff or act as his advocate. *See Hall*, 935 F.2d at 1110. Accordingly, the Court declines to outline the elements of Plaintiff's remaining claims or explain exactly where and how his factual allegations fall short. Instead, the Court reemphasizes two key principles that a plaintiff must follow to meet the pleading standards that govern in this Court. First, a successful complaint makes clear "exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her[.]" *Robbins*, 519 F.3d at 1250. And second, mere labels or conclusions are not sufficient without factual allegations to support those conclusions. *See Khalik*,

8

671 F.3d at 1190-91. Plaintiff's Complaint fails to comply with these principles and thus fails to state a claim under Rule 12(b)(6).

**C.  The Court will grant Plaintiff leave to amend his Complaint.**

Defendants ask the Court to dismiss Plaintiff's case with prejudice. Doc. 7 at 7. But this would contravene the Tenth Circuit's preference for allowing *pro se* plaintiffs to remedy defects in their pleadings, particularly where deficiencies in a complaint are likely attributable to a *pro se* litigant's inexperience with or ignorance of special pleading requirements. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The Court will therefore allow Plaintiff a reasonable opportunity to remedy the defects in his Complaint by granting leave to file an amended complaint within 30 days of entry of this order.

**IV.**
**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 7) is **GRANTED IN PART**. The Court declines to dismiss Plaintiff's Complaint with prejudice and instead will grant him leave to file an amended complaint within 30 days after entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

9